**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| BENITO JOSUELI JUAN DOMINGO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1116-SLP |
| | ) | |
| MICHAEL SIZEMORE, et al.,[1] | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner, Benito Josueli Juan Domingo, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1]. Before the Court is the Report and Recommendation [Doc. No. 13] (R&R) of United States Magistrate Judge Suzanne Mitchell. The Magistrate Judge recommends granting, in-part, the Petition. Respondents have filed an Objection, [Doc. No. 15], and the matter is at issue. The Court reviews de novo any portion of the R&R to which a specific objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review of all other issues addressed by the Magistrate Judge are deemed waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Having conducted that review, and for the reasons that follow, the Court ADOPTS the

[1] Warden Chris Gantt is the current Warden of the Cimarron Correctional Facility and therefore the Court substitutes him in as the appropriate Respondent.

R&R, to the extent it finds that 8 U.S.C. § 1226 applies to Petitioner's detention, and GRANTS, in part, the Petition.

## I. Background

Petitioner, a citizen of Guatemala, entered the United States on or about June 20, 2016. On June 21, 2016, the Department of Homeland Security (DHS) placed Petitioner into removal proceedings under 8 U.S.C. § 1229a through the issuance of a Notice to Appear, charging him as removable under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA). Petitioner was subsequently released on his own recognizance.

On or around March 2026, ICE re-detained Petitioner and transferred him to the Cimarron Correctional Facility, in Cushing, Oklahoma, where he is currently detained.

On May 15, 2026, Petitioner filed his action, claiming violations of his Due Process rights, the Fourth Amendment, and the First Amendment. As well as violations of DHS's regulations and the Administrative Procedure Act. As relief, Petitioner seeks immediate release from custody.

## II. Discussion

As an initial matter, the Court concurs with the Magistrate Judge's findings that § 1226(a) governs Petitioner's detention and rejects Respondents' interpretation of §§ 1226(a) and 1225(b)(2)(A). Under Tenth Circuit law, § 1226(a) governs the detention of immigration detainees who are similarly situated to Petitioner. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1240 (10th Cir. 2026) (holding that "§ 1225(b)(2)(A)'s application

is limited to the border").[2] The Court, therefore, finds that § 1226(a) governs Petitioner's detention.

In determining whether Petitioner's due process rights were violated, the Court must consider (1) whether the Petitioner possesses a protected property or liberty interest to which due process protections apply and, if so, (2) whether they were afforded an appropriate level of process. *Al-Turki v. Tomsic*, 926 F.3d 610, 614 (10th Cir. 2019). Upon the Court's de novo review of the Petition, the Court finds that Petitioner has a protected liberty interest in his conditional release on his own recognizance. *See Singh*, 824 F. Supp. 3d at 1210-11 (finding that a § 2241 petitioner, previously released on their own recognizance, had a liberty interest in their conditional parole); *Ochilov v. Grant*, No. CIV26-526-R, 2026 WL 1896139, at *2 (W.D. Okla. July 1, 2026) (same); *see also Morrissey v. Brewer*, 408 U.S. 471, 485 (1972) (finding that "those released on criminal parole are entitled to due process before having their parole revoked."); *Zadvydas v. Davis*, 533 U.S. 678, 679 (2001) (". . .[T]he Due Process Clause applies to all persons within the United States, including aliens, whether their presence is lawful, unlawful, temporary, or permanent.")

Having found that the Petitioner has a protected liberty interest arising from his release on his own recognizance, the Court must then determine what level of process is

---

[2] The majority of Circuit Courts, including "the Second, Sixth, and Eleventh Circuits have each held that § 1225(b)(2)(A) does not apply to unadmitted noncitizens who . . . are found in the country's interior." *Id.* at 1235 (*citing Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258 (11th Cir. 2026); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026).

owed to the Petitioner. *See Tomsic*, 926 F.3d at 614. Petitioner's position is that the appropriate level of process owed is his release from detention. However, on the immediate record, the Court finds that the appropriate relief is for Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226. *See Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) ("Because this Court holds that § 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226—namely, an individualized bond hearing before an [immigration judge]."); *Ochilov v. Grant*, 2026 WL 1896139, at *2 (finding that the appropriate remedy for a § 2241 Petitioner's due process claim is a bond hearing under § 1226.); *Chiliquinga Sigcho v. Blanche*, No. 1:26-CV-00252-WJ-GBW, 2026 WL 2018492, at *1 (D.N.M. July 13, 2026) ("Petitioner requests immediate release. The Court concludes, however, that the appropriate remedy is to afford Petitioner the process to which he is entitled under § 1226.); *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.").

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 13] is ADOPTED IN PART, to the extent it finds that § 1226(a) governs Petitioner's detention.

IT IS FURTHER ORDERED that the Petition, [Doc. No. 1], is GRANTED IN PART. Respondents are ORDERED to provide Petitioner with a proper bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order, or otherwise release Petitioner if he has not received a proper bond hearing within that period.

IT IS FURTHER ORDERED that Respondents shall file a Notice of Compliance on or before 5:00 p.m., on September 16, 2026. If Respondents fail to timely comply, including a failure to timely file a Notice, Petitioner shall immediately be released from custody. *See* 28 U.S.C. §§ 2241, 2243.[3]

A separate judgment shall be entered.

IT IS SO ORDERED this 10th day of September, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**

[3] "In issuing a writ of habeas corpus, a federal court has the power and authority to dispose of habeas corpus matters as law and justice require." *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (citing 28 U.S.C. § 2243); *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release."); *see also Dep't of Homeland Sec. v. Thuraissigiam,* 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention.").